Laura Winston, Esq.
Firouzeh Nur-Vaccaro, Esq.
KIM WINSTON LLP
73 Market Street, Suite 376
Yonkers, NY 10710
Telephone: (914) 231-7822

Valerie McConnell, Esq. (*motion for admission
pro hac vice pending*)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
Telephone: (323) 639-4455

*Attorneys for Plaintiff
SAM CARRELL*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAM CARRELL<br><br>Plaintiff,<br><br>vs.<br><br>ORIGAMI OWL, LLC; a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case:      1:18-cv-00694<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sam Carrell ("Ms. Carrell" or "Plaintiff") by and through its undersigned counsel, states as follows for her complaint against Origami Owl,

LLC ("Origami Owl"), and Does 1 through 10, inclusive (collectively, the "Defendants") and alleges as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' intentional and willful decision to infringe Plaintiff's copyrighted photograph.

2. Plaintiff is the owner and manager of "Tinkerbelle the Dog," a papitese dog with an extensive professional modeling and acting career who has amassed an international fanbase. Tinkerbelle's pictures are regularly featured in magazines and news publications, and Tinkerbelle also stars in national product promotions for numerous different brands, including Ralph Lauren, Walmart, CVS, Purina, PetSmart, La Marca Prosecco, Swiffer, and Febreze.

3. Tinkerbelle's acting career includes playing Chowsy in an off-Broadway production of *Gypsy*, starring in Universal Pictures' campaign for the movie, *A Dog's Purpose*, and walking the runway in three New York Fashion Week shows. In addition, Tinkerbelle has an extensive travel blog, published on PopSugar.com, which features Tinkerbelle traveling each month to a different U.S. state or country and making TV show appearances in the different places that Tinkerbelle visits.

4. In addition to managing Tinkerbelle's modeling and acting career, Plaintiff also publishes photographs of Tinkerbelle on her website, www.tinkerbellethedog.com, as well as on Facebook and Instagram (@tinkerbellethedog), where Tinkerbelle has over 170,000 followers.

5. One of Plaintiff's most well-known photographs is a close-up photo of Tinkerbelle wearing a locket and looking directly into the camera. This photograph, entitled, "Tinkerbelle: The Cutest Dog Ever," is reproduced below and is protected by federal copyright registration number VA 2-081-397.

"Tinkerbelle: The Cutest Dog Ever" was published with Plaintiff's permission in *Nylon* magazine on October 10, 2014 in an article entitled, "The Cutest Dog Around Will Make Your Heart Melt."



6.   Without compensating Plaintiff or obtaining a license, Defendants illegally misappropriated "Tinkerbelle: The Cutest Dog Ever" by using it in a promotional campaign for their "Paws Collection," a line of lockets for dogs. The advertisement for Defendants' "Paws Collection," which features the Copyrighted Image, is reproduced below:



7.   Plaintiff responded to Defendants' unauthorized use of "Tinkerbelle: The Cutest Dog Ever" by sending Origami Owl an email on July 19, 2017, which asked Defendants to cease and desist from using this image.  In response, Defendants represented that they removed Tinkerbelle's image from their promotional materials for the "Paws Collection." However, to this day, advertisements for the "Paws Collection" that use "Tinkerbelle: The Cutest Dog Ever" continue to be displayed on Defendants' Instagram.

8.   Accordingly, due to Defendants' willful infringement, Plaintiff has no choice but to file this lawsuit seeking damages that it has suffered as a result of Defendants' copyright infringement.

## II.      PARTIES

9.   Plaintiff Sam Carrell is an individual with a business address of 1500 Broadway, 10th floor, New York, NY 10036.

10.  Upon information and belief, Defendant Origami Owl is a Delaware Limited Liability Company with a business address of 450 N. 54th Street, Chandler, Arizona 85226. Defendant Origami Owl conducts business throughout the United States, including in the Southern District of New York.

11. Plaintiff is ignorant of the true names of the other Defendants sued herein as Does 1-10 and, therefore, sues these Doe Defendants by such fictitious names. Additional Doe Defendants are likely to include, among others, additional managers, officers, members, and other individuals who have authorized, condoned, directed, and participated in the decisions(s) to use Plaintiff's copyrighted photograph in Defendant Origami Owl's marketing materials. Plaintiff will amend this Complaint to allege additional Doe Defendants' true names and capacities when ascertained.

## III.      JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's federal

copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.  This Court has personal jurisdiction over Defendants because they do substantial business and sales in this District and employ designers who reside in this District. Defendants have purposefully availed themselves of and directed their business at opportunities in this District.  Moreover, Defendants have committed tortious acts in this District against Plaintiff, whose principal place of business is in this District.

14.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) and (b) because a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district, Plaintiff resides in this district, and Defendants are subject to the Court's personal jurisdiction and therefore reside in this District.

## IV.    FACTS

15.  Plaintiff Sam Carrell is the owner and manager of "Tinkerbelle the Dog."

16.  Tinkerbelle has become one of the most famous dogs in the world by modeling in national advertising campaigns for brands such as Ralph Lauren and PetSmart and has also appeared in theatrical performances, fashion shows, and charity events.

17.  In addition to managing Tinkerbelle's modeling and acting career, Plaintiff has also cultivated Tinkerbelle's fame on social media by taking, directing, and curating photographs of Tinkerbelle. Plaintiff's photographs of Tinkerbelle have proven to be immensely popular, garnering Tinkerbelle more than 172,000 followers on Instagram. Due to the popularity of Plaintiff's photographs and Tinkerbelle's significant social media following, Tinkerbelle was recognized as a 2016 Webby Award Honoree, was named the "Most Fashionable Dog on Instagram" by Cosmopolitan Magazine, and was also named "Animal of the Week" by Getty Images.

18. In addition to publishing photographs of Tinkerbelle on Instagram under the account name @tinkerbellethedog, Plaintiff also publishes photographs of Tinkerbelle on Facebook as well as on the website that Plaintiff has created for Tinkerbelle, www.tinkerbellethedog.com.

19. Numerous publications have featured stories on Tinkerbelle's modeling and acting career, as well as her popularity on social media. Recent examples include:

- On December 2, 2017, the online magazine *Odyssey* listed Tinkerbelle at the top of the list of "10 Instagram Famous Dogs to Start Following, Like, Yesterday."
- On October 5, 2017, *Entrepreneur* magazine listed Tinkerbelle as "9 of the Most Entrepreneurial Dogs in America."
- On February 15, 2017, Fox News published an article entitled, "Tinkerbelle the Social Media Dog Makes *How* Much a Year?"
- On February 16, 2017, the Australian news site News.com.au ran an article entitled, "Tinkerbelle the Social Media Dog is Raking it in."

20. On October 10, 2014, *Nylon* magazine published an article about Plaintiff and Tinkerbelle entitled, "The Cutest Dog Around Will Make Your Heart Melt." With Plaintiff's permission, *Nylon* published "Tinkerbelle: The Cutest Dog Ever" as the cover photo for the article.

21. In addition to being published in *Nylon* magazine, Plaintiff also published "Tinkerbelle: The Cutest Dog Ever" on Tinkerbelle's social media pages as well as on her website, www.tinkerbellethedog.com.

22. Sometime after "Tinkerbelle: The Cutest Dog Ever" was published on October 10, 2014, Defendants used this image to create the advertisement for their "Paws Collection" of lockets for dogs (hereinafter the "Infringing Advertisement"). As demonstrated by the following side-by-side comparison,

Defendants' Infringing Advertisement is substantially similar to "Tinkerbelle: The Cutest Dog Ever". The Infringing Advertisement features a papitese dog with the same haircut, fur color, facial structure, and expression as Tinkerbelle. The Infringing Advertisement also replicates the pose of the dog and its gaze into the camera:



*Left:* "Tinkerbelle: The Cutest Dog Ever." *Right:* Infringing Advertisement.

23. Plaintiff first discovered that Defendants had used "Tinkerbelle: The Cutest Dog Ever" to create their Infringing Advertisement in July 2017 after seeing the advertisement on the Instagram page of Christy Pierce, a jewelry designer for Defendant Origami Owl.

24. Plaintiff sent Ms. Pierce an email on July 19, 2017, demanding that she cease and desist using the copyrighted image. Ms. Pierce responded, "I'm sorry. I am a designer with Origami Owl and this was the marketing we were provided to use."

25. For the last several months, Plaintiff has communicated with Defendant Origami Owl regarding its unauthorized use and display of "Tinkerbelle: The Cutest Dog Ever" and has demanded that it cease all publication and use of the Infringing Advertisement. In response, Defendant Origami Owl has tried to downplay the extent of its infringement by representing that the Infringing Advertisement was featured on its website, www.origamiowl.com, only from August 1 to August 9, 2017.  However, Defendant Origami Owl did not address the fact that Origami Owl's jewelry designers and agents have heavily promoted, and reposted the Infringing Advertisement on other websites.

26. The Infringing Advertisement can still be found all over social media, and particularly on the Instagram pages of Origami Owl's jewelry designers at, for example, the links below:

https://www.instagram.com/p/BXnY7gIFnKr/?hl=en

https://www.instagram.com/p/BXlahqFjU_A/?hl=en

https://www.instagram.com/p/BXajzINgf6m/?hl=en

https://www.instagram.com/p/BXVyPGshPTh/?hl=en

https://www.instagram.com/p/BXTK_BMhpYp/?hl=en

https://www.instagram.com/p/BW0T-V1hTK6/?hl=en

https://www.instagram.com/p/BWyBQuODbn2/?hl=en

https://www.instagram.com/p/BWwHmuoFcPC/?hl=en

https://www.instagram.com/p/BWsy7-jgEIZ/?hl=en

https://www.instagram.com/p/BWqxp7XF3MI/?hl=en

https://www.instagram.com/p/BWi5iwmAgdj/?hl=en

27. None of the Defendants have a license to use, display, duplicate, or create derivative works of "Tinkerbelle: The Cutest Dog Ever". Nonetheless, Defendants continue to use, display, and distribute their Infringing Advertisement, despite knowledge of Plaintiff's copyright ownership in "Tinkerbelle: The Cutest Dog Ever".

28. By Defendant Origami Owl's own admissions, it has earned at least $260,774 in revenue from its "Paws Collection," as of the end of October 2017. The Infringing Advertisement, which featured Tinkerbelle, a celebrity dog, was a substantial factor in the success of the "Paws Collection." Defendants have therefore profited from infringing Plaintiff's copyright and distributing the Infringing Advertisement to untold millions of people who visit Origami Owl's website and social media pages.

## CAUSE OF ACTION FOR FEDERAL COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

30. This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq*.

31. "Tinkerbelle: The Cutest Dog Ever" is a wholly original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns the exclusive rights and privileges in and to "Tinkerbelle: The Cutest Dog Ever," which is protected by federal copyright registration number VA 2-081-397. Plaintiff owns all applicable rights, titles, and interest in and to this copyrighted work.

32. By unauthorized distribution, display and use of their Infringing Advertisement, Defendants intentionally copied, displayed, and used "Tinkerbelle: The Cutest Dog Ever" and created substantially similar derivate works. Defendants had access to "Tinkerbelle: The Cutest Dog Ever" by virtue of its

distribution through *Nylon* magazine, Plaintiff's Instagram and Facebook pages for Tinkerbelle, and on Plaintiff's website, www.tinkerbellethedog.com, as well as through other social media sites and publications that have displayed "Tinkerbelle: The Cutest Dog Ever" with Plaintiff's permission.

33. Defendants have widely distributed, used, and displayed "Tinkerbelle: The Cutest Dog Ever" to untold millions of people by using this image in their Infringing Advertisement for their "Paws Collection."

34. By their actions alleged above, Defendants have infringed Plaintiff's copyright in "Tinkerbelle: The Cutest Dog Ever" by, *inter alia*, copying "Tinkerbelle: The Cutest Dog Ever," creating substantially similar derivate works of "Tinkerbelle: The Cutest Dog Ever," and publicly displaying and distributing this image without any authorization or other permission from Plaintiff. Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

35. Defendants are aware of Plaintiff's copyright in "Tinkerbelle: The Cutest Dog Ever" and their copyright infringement has been deliberate and with willful disregard to Plaintiff's intellectual property rights.

36. Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

37. As a direct and proximate result of the Defendants' willful copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to actual damages as well as any gains, profits, and advantages obtained by the Defendants as a result of its acts of infringement and their use and publication of the copied materials, pursuant to 17 U.S.C. § 504(b).

38. Defendant Origami Owl does substantial business in New York City and even has employees who work from New York City. (See, e.g., Glassdoor.com reviews left from a "Current Employee – Designer in New York, NY":

https://www.glassdoor.com/Reviews/Origami-Owl-New-York-City-Reviews-EI_IE644947.0,11_IL.12,25_IM615.htm).

39. Defendant Origami Owl also hosts events in New York City and even advertises a marketing campaign entitled #OrigamiOwlLovesNYC. (See, http://locketsandcharms.com/origami-owl-lands-in-new-york-city-studio-450/).

40. Plaintiff is also entitled to an injunction enjoining Defendants and their agents, employees, and all other persons acting in concert or in privity with them, from directly or indirectly infringing on Plaintiff's copyright in "Tinkerbelle: The Cutest Dog Ever" and from continuing to market, offer, sell, license, display, advertise, reproduce or develop any works derived, copied, and/or sampled from this image. By reason of the foregoing copyright infringement, Plaintiff is entitled to a permanent injunction against Defendants pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sam Carrell respectfully requests that this Court enter judgment against Defendants for the following relief:

a. Permanent injunctive relief against Defendants and their parents, subsidiaries, affiliated companies, and their respective officers, directors, employees, and agents from using Plaintiff's copyright;

b. An accounting of, and disgorgement of, any and all profits derived by the Defendants pursuant to 17 U.S.C. § 504;

c. All actual damages sustained by Plaintiff, in an amount to be determined at trial pursuant to 17 U.S.C. § 504;

d. Plaintiff's costs pursuant to 17 U.S.C. § 505;

e. Prejudgment interest;

f. A judgment that Defendants' infringement was willful and an allocation of treble damages;

g.  Other economic and consequential damages in an amount to be determined at trial; and

h.  For any other relief as the Court deems proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Respectfully submitted,

By:      */s/ Firouzeh Nur-Vaccaro_____*

Firouzeh Nur-Vaccaro, Esq.
Laura Winston, Esq.
KIM WINSTON LLP
73 Market Street, Suite 376
Yonkers, NY 10710

Attorneys for Plaintiff,
SAM CARRELL

Dated:  January 25, 2018